KC
FILED
NOVEMBER 9, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07 C 6370

JUDGE LEFKOW
MAGISTRATE JUDGE DENLOW

# Exhibit A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

EVA SARKEES,

Plaintiff,

-vs-

No.

KBR, INC. f/k/a KELLOG BROWN & ROOT SERVICES, INC.; and HALLIBURTON COMPANY,

Defendants.

2007L010579
CALENDAR/ROOM A
TIME 00:00
PI Motor Vehicle

**COMPLAINT AT LAW**

Now comes the Plaintiff, EVA SARKEES, by and through her attorneys, RUBIN MACHADO & ROSENBLUM LTD., and complaining of the Defendants, KBR, INC. f/k/a KELLOG BROWN & ROOT SERVICES, INC.; and HALLIBURTON COMPANY; states as follows:

**COUNT I**

**(Negligence – KBR HOLDINGS)**

1. At all times relevant herein, the Plaintiff, EVA SARKEES, was a citizen of the United States with her primary residence located in the County of Cook and State of Illinois.

2. At all times relevant herein, the Defendant, KBR, INC. f/k/a KELLOG BROWN & ROOT SERVICES, INC.(hereinafter, "KBR"), was a wholly owned subsidiary of the Defendant, HALLIBURTON COMPANY.

3. At all times relevant herein, the Defendant, KBR, was a duly registered corporation licensed to conduct business in the State of Illinois.

**EXHIBIT A**

4. At all times relevant herein, the Defendant, HALLIBURTON COMPANY was a corporation licensed to conduct business in the State of Illinois.

5. On or about October 6, 2005, the Plaintiff, EVA SARKEES, was working as a contractor on an American military base located in Northern Tikrit, Iraq.

6. At the aforesaid time and place, the Plaintiff was a pedestrian on the aforesaid military base.

7. At the aforesaid time and place the Plaintiff, EVA SARKEES, was struck by a motor vehicle owned, leased and/or otherwise controlled by the Defendant, KBR.

8. At the aforementioned time and place, an unidentified employee, agent, and/or apparent agent of KBR, was operating a motor vehicle at the aforesaid time and place.

9. At all times relevant herein, the motor vehicle operated by the unidentified driver, was owned, leased, or otherwise controlled by the Defendant, KBR.

10. At all times relevant herein, the unidentified driver was performing his regular duties as an employee, agent, apparent agent, and/or servant of the Defendant, KBR.

11. At the aforementioned time and place, the Defendant, KBR, by and through its employee, agent, apparent agent, and/or servant, owed a duty of ordinary care to the Plaintiff, EVA SARKEES, to operate its motor vehicle in a reasonably safe manner.

12. At the aforementioned time and place, the Defendant, KBR, breached its duty to the Plaintiff by engaging in one or more of the following negligent acts or omissions:

a. Failed to keep a proper lookout;

b. Failed to yield to pedestrian;

c. Operated a motor vehicle at an unreasonably excessive rate of speed;

d. Failed to exercise due care to avoid colliding with the plaintiff;

e. Failed to take appropriate evasive action to avoid collision with the Plaintiff's.

f. Failed to apply brakes when it was necessary to do so; and/or

g. Was otherwise careless and/or negligent.

13. As a direct and proximate result of the above careless and/or negligent acts, the Plaintiff, EVA SARKEES, suffered severe injuries, both in mind and body.

14. The negligent acts of the Defendant, KBR, through its unidentified employee, agent, and/or servant, were the proximate cause of the injuries to the Plaintiff, EVA SARKEES, as herein defined.

15. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, KBR, the Plaintiff, Plaintiff, EVA SARKEES,, then and there sustained severe and permanent injuries, internally and externally, and was and will be hindered from attending to her usual affairs and duties, and has lost and will in the future lose the value of that time as aforementioned. Plaintiff has also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Further, Plaintiff has expended and become liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, EVA SARKEES, demands judgment against the Defendant, Defendant, KBR, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and costs of suit.

## COUNT II

**(Negligence – Halliburton)**

16. At all times relevant herein, the Plaintiff, EVA SARKEES, was a citizen of the United States with her primary residence located in the County of Cook and State of Illinois.

17. At all times relevant herein, the Defendant, KBR, INC. f/k/a KELLOG BROWN & ROOT SERVICES, INC.(hereinafter, "KBR"), was a wholly owned subsidiary of the Defendant, HALLIBURTON COMPANY.

18. At all times relevant herein, the Defendant, KBR, was a duly registered corporation licensed to conduct business in the State of Illinois.

19. At all times relevant herein, the Defendant, HALLIBURTON COMPANY was a corporation licensed to conduct business in the State of Illinois.

20. On or about October 6, 2005, the Plaintiff, EVA SARKEES, was working as a contractor on an American military base located in Northern Tikrit, Iraq.

21. At the aforesaid time and place, the Plaintiff was a pedestrian on the aforesaid military base.

22. At the aforesaid time and place the Plaintiff, EVA SARKEES, was struck by a motor vehicle owned, leased and/or otherwise controlled by the Defendant, HALLIBURTON COMPANY either directly or through its subsidiary, KBR.

23. At the aforementioned time and place, an unidentified employee, agent, and/or apparent agent of Defendant, HALLIBURTON COMPANY either directly or through its subsidiary, KBR, was operating a motor vehicle at the aforesaid time and place.

24. At all times relevant herein, the motor vehicle operated by the unidentified driver, was owned, leased, or otherwise controlled by the Defendant, HALLIBURTON COMPANY either directly or through its subsidiary, KBR..

25. At all times relevant herein, the unidentified driver was performing his regular duties as an employee, agent, apparent agent, and/or servant of the Defendant, Defendant, HALLIBURTON COMPANY either directly or through its subsidiary, KBR.

26. At the aforementioned time and place, the Defendant, HALLIBURTON COMPANY either directly or through its subsidiary, KBR, by and through its employee, agent, apparent agent, and/or servant, owed a duty of ordinary care to the Plaintiff, EVA SARKEES, to operate its motor vehicle in a reasonably safe manner.

27. At the aforementioned time and place, the Defendant, HALLIBURTON COMPANY either directly or through its subsidiary, KBR., breached its duty to the Plaintiff by engaging in one or more of the following negligent acts or omissions:

a. Failed to keep a proper lookout;

b. Failed to yield to pedestrian;

c. Operated a motor vehicle at an unreasonably excessive rate of speed;

d. Failed to exercise due care to avoid colliding with the plaintiff;

e. Failed to take appropriate evasive action to avoid collision with the Plaintiff's.

f. Failed to apply brakes when it was necessary to do so; and/or

g. Was otherwise careless and/or negligent.

28. As a direct and proximate result of the above careless and/or negligent acts, the Plaintiff, EVA SARKEES, suffered severe injuries, both in mind and body.

29. The negligent acts of the Defendant, Defendant, HALLIBURTON COMPANY either directly or through its subsidiary, KBR, through its unidentified employee, agent, and/or servant, were the proximate cause of the injuries to the Plaintiff, EVA SARKEES, as herein defined.

30. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, HALLIBURTON COMPANY either directly or through its subsidiary, KBR., the Plaintiff, EVA SARKEES, then and there sustained severe

and permanent injuries, internally and externally, and was and will be hindered from attending to her usual affairs and duties, and has lost and will in the future lose the value of that time as aforementioned. Plaintiff has also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Further, Plaintiff has expended and become liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

31. On information and belief the Defendant HALLIBURTON COMPANY spun-off its subsidiary KBR in a public offering in April, 2007.

32. On information and belief, as part of the spin-off, the Defendant HALLIBURTON COMPANY agreed to indemnify the Defendant, KBR against legal claims alleged to have occurred prior to said spin-off.

WHEREFORE, Plaintiff, EVA SARKEES, demands judgment against the Defendant, Defendant, HALLIBURTON, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and costs of suit.

Respectfully submitted,

By: David L. Goldberg
RUBIN MACHADO & ROSENBLUM LTD.
Attorneys for Plaintiff
EVA SARKEES
120 W. Madison St., Suite 400
Chicago, Illinois 60602
(312) 327-1840
Firm No. 37704

#06-293 EMR/DLG/cmb

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

EVA SARKEES, Plaintiff,

-vs-

KBR, INC. f/k/a KELLOG BROWN & ROOT SERVICES, INC.; and HALLIBURTON COMPANY, Defendants.

No.

**AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)**

Pursuant to Supreme Court Rule 222(B), counsel for the above named plaintiff certifies that plaintiff seeks money damages in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00).

Respectfully submitted,

By: David L. Goldberg
RUBIN, MACHADO & ROSENBLUM, LTD.
Attorneys for Plaintiff
EVA SARKEES
120 W. Madison St., Suite 400
Chicago, Illinois 60602
(312) 327-1840
Firm No. 37704

# Exhibit B

2120 - Served 2121 -- Served
2220 - Not Served 2221 - Not Served
2320 - Served By Mail 2321 - Served by Mail
2420 - Served by Publication 2421 - Served by Publication
SUMMONS ALIAS - SUMMONS (Rev.12/22/92) CCG-1

#06-293 EMR/DLG/cmb

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

EVA SARKEES,

Plaintiff

-vs-

KBR, INC. f/k/a KELLOG BROWN & ROOT SERVICES, INC.; and HALLIBURTON COMPANY,

Defendants.

No. 2007L010579
CALENDAR/ROOM A
TIME 00:00
PI Motor Vehicle

**SUMMONS**

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, OCT - 5 2007, 20

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Clerk of Court

SEAL

Date of service:____________, 20
(To be inserted by officer on copy left with defendant or other person)

(David L. Goldberg)
Name RUBIN, MACHADO & ROSENBLUM, LTD.
Attorney for Plaintiff
Address 120 W. Madison St., Suite 400
City Chicago, IL 60602
Telephone (312) 327-1840
Atty. No. 37704

**Service by Facsimile Transmission will be accepted at (312) 327-1841 (Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Law Division Room 801
Chancery-Divorce Room 802
County Division Room 801
Probate Division Room 1202

**EXHIBIT B**

EVA SARKEES vs. KBR, INC. f/k/a KELLOG BROWN & ROOT SERVICES, INC. and HALLIBURTON COMPANY

---

## SERVICE LIST FOR SUMMONS

1. KBR, INC. f/k/a KELLOG BROWN & ROOT SERVICES, INC.
   R/A: C T Corporation System
   208 S. LaSalle St., Suite 814
   Chicago, Ill. 60604

2. HALLIBURTON COMPANY
   R/A: C T Corporation System
   208 S. LaSalle St., Suite 814
   Chicago, Ill. 60604