IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EVA SARKEES, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.   07 C 6370 |
| | ) | |
| v. | ) | |
| | ) | Judge Joan Humphrey Lefkow |
| KBR, INC. f/k/a KELLOG BROWN & | ) | |
| ROOT SERVICES, INC.; and | ) | Magistrate Judge Denlow |
| HALLIBURTON COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT HALLIBURTON COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS HALLIBURTON COMPANY

Plaintiff's complaint against Halliburton Company ("Halliburton") should be dismissed pursuant to F.R.C.P. 12(b)(2) because the Court does not have personal jurisdiction over Halliburton. Plaintiff alleges that, while working as a contractor on an American military base located in Northern Tikrit, Iraq, she was struck by a truck owned, leased or otherwise controlled by Defendant KBR, Inc. ("KBR"). KBR was a subsidiary of Halliburton at the time of the accident. However, at the time this complaint was filed, KBR was (and is now) a wholly independent corporation. Halliburton is not qualified to do business in Illinois, is not a resident of Illinois, does no business in Illinois and has no contacts with Illinois such that this Court would have personal jurisdiction over it. Forcing Halliburton to defend this case in Illinois thus would violate fundamental due process principles.

### FACTUAL ALLEGATIONS AND BACKGROUND

Plaintiff Eva Sarkees states that she was injured on October 6, 2005 while working as a contractor on a United States military base in Iraq. (Complaint ¶ 20). While walking or jogging

1

on a road side in the dark, Plaintiff claims to have been struck by a truck owned or controlled by KBR. (Complaint ¶ 22). Two years after her accident, Plaintiff sued both Halliburton and KBR in the Circuit Court of Cook County. She asserts negligence claims and seeks damages for current and future physical injuries and economic losses. (Complaint ¶ 30).

Halliburton is incorporated in Delaware and has its principal place of business in Texas. (See Affidavit of Robert Hayter, attached hereto as Exhibit A; Exh. A at ¶ 2). Halliburton is not licensed to do business in Illinois. (Exh. A at ¶ 2). Furthermore, Halliburton has no offices or employees in Illinois and does not conduct business activities in Illinois. (Exh. A at ¶ 2).

At the time of Ms. Sarkees' accident, KBR, Inc. was a subsidiary of Halliburton. In April of 2007, KBR became an independent company and no longer was a subsidiary of Halliburton. Plaintiff's Complaint, which also names KBR as a defendant, was filed on October 5, 2007, well after KBR ceased being Halliburton's subsidiary.

## LEGAL STANDARD

A defendant is amenable to service of process if it "could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district is located." Fed. R. Civ. P. 4(k)(1)(A). Once a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making a *prima facie* case of showing proper jurisdiction. *IDS Life Insurance Co. v. SunAmerica*, 958 F. Supp. 1258, 1263 (N.D. Ill. 1997). Plaintiff must first establish that an Illinois court would have jurisdiction over Halliburton and then show that the exercise of jurisdiction over Halliburton will not offend due process. *Chemical Waste Mgmt. v. Sims*, 870 F. Supp. 870, 873 (N.D. Ill. 1994). Plaintiff's *prima facie* case may be overcome by uncontroverted evidence which defeats jurisdiction. *Gaidar v. Tippecanoe Distribution Service*, 299 Ill. App. 3d

1034, 1041 (1998). Some of that evidence may consist of affidavits. *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir. 1988).

### ARGUMENT

I.     THE COURT LACKS PERSONAL JURISDICTION OVER HALLIBURTON

    A.    <u>Plaintiffs Have Not Alleged That This Court Has Personal Jurisdiction Over Halliburton</u>

As an initial matter, it must be noted that Plaintiff has failed to alleged any supporting facts which would allow this Court to exercise personal jurisdiction over Halliburton. Plaintiffs must allege facts in the complaint upon which to base jurisdiction over a non-resident defendant. *Reeves v. The Baltimore & Ohio Railroad Co.*, 171 Ill. App. 3d 1021, 1024 (Ill. App. 1st Dist. 1998). Here, Plaintiff has only asserted that Halliburton "was a corporation licensed to conduct business in the State of Illinois." (Complaint ¶ 19.) This allegation has been defeated by the attached affidavit. Plaintiff has not alleged that Halliburton actually transacts or does business in Illinois. The absence of factual allegations of Halliburton's acts in Illinois is fatal to Plaintiff's claim. *Reeves*, 171 Ill. App. 3d at 1024.

    B.    <u>There Is No Personal Jurisdiction Over Halliburton Under The Illinois Long Arm Statute</u>

A federal district court in Illinois has personal jurisdiction over a party involved in a diversity action only if Illinois courts would have personal jurisdiction. *Recycling Sciences Int'l v. Soil Restoration and Recycling L.L.C.*, 159 F. Supp. 2d 1095, 1097 (N.D. Ill. 2001). A party may assert personal jurisdiction over a nonresident defendant in Illinois on two bases: (1) under the Illinois long arm statute, 735 ILCS § 5/2-209 or (2) under Illinois case law which subjects a nonresident to personal jurisdiction if the defendant is generally "doing business" in Illinois. *Reeves*, 171 Ill. App. 3d at 1025.

The Illinois long arm statute gives an Illinois court jurisdiction over a cause of action arising from a person's "commission of a tortuous act within this State." 735 ILCS § 5/2-209(a)(2). Plaintiff does not allege the "commission of a tortuous act within this State." To the contrary, Plaintiff alleges the commission of a tortuous act in Iraq. Therefore, Section 2-209(a)(2) does not apply. *See Goldberg v. Philip Miller*, 874 F. Supp. 874, 876 (N.D. Ill. 1995)(where actions which constituted basis of action did not occur in Illinois, there was no jurisdiction under Section 2-209(a)(2) of the long arm statute).

    C.    <u>There is No General Personal Jurisdiction Over Halliburton Under the "Doing Business" Standard</u>

General personal jurisdiction may also be acquired over a nonresident corporation under the "doing business" standard. *Cook Associates v. Lexington United Corp.*, 87 Ill. 2d 190, 199 (Ill. 1981). Once this standard is satisfied, the defendant is deemed to be a resident of Illinois and may be sued in the State on causes of action both related and unrelated to its Illinois activities. *Natural Gas Pipeline Co. of America v. Mobil Rocky Mountain*, 155 Ill. App. 3d 841, 843 (Ill. App. 1st Dist. 1986).

The "doing business" standard requires "a showing that the defendant is conducting business of such character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the forum." *Alderson v. Southern Co.*, 321 Ill. App. 3d 832, 848 (Ill. App. 1st Dist. 2001); *Mobil Rocky Mountain*, 155 Ill. App. 3d at 843. The defendant must carry on business activity within the state "not occasionally or casually, but with a fair measure of permanence and continuity." *Alderson*, 321 Ill. App. 3d at 849; *Riemer v. KSL Recreation Corp.*, 348 Ill. App. 3d 26, 34 (Ill. App. 1st Dist. 2004). "The statute requires a 'course of business' or 'regularity of activities' as opposed to isolated or sporadic acts."

4

*Alderson*, 321 Ill. App. 3d at 848, *citing Gaidar v. Tippecanoe Dist. Service*, 299 Ill. App. 3d 1034, 1041 (Ill. App. Ct. 1st Dist. 2001).

Contrary to Plaintiff's allegations, Halliburton is not licensed to do business in the State of Illinois. (Exh. A at ¶ 3). Halliburton has no offices or employees in the State of Illinois, owns no property in the State of Illinois, and does not conduct business in the State of Illinois. (Exh. A at ¶¶ 4-5). Therefore Halliburton's contacts with Illinois fall far short of the standard for imposing general personal jurisdiction under Illinois law. Plaintiff has failed to sustain her burden of proving that Halliburton has the requisite connection with the State of Illinois, and the Complaint should be dismissed for lack of personal jurisdiction.

D. <u>Exercising Personal Jurisdiction over Halliburton Would Violate Due Process</u>

The Illinois long-arm statute allows courts to exercise jurisdiction "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS § 5/2-209(c). Under this section, "an Illinois court may exercise personal jurisdiction over a nonresident defendant as long as the exercise of such jurisdiction offends neither federal nor state guarantees of due process." *Alderson*, 321 Ill. App. 3d at 856.

Federal due process requires that if a defendant is not present within the territory, it must have "certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1946). The defendant's business contacts with the State must be sufficiently "continuous and systematic" before its courts may exert jurisdiction. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984).

Due process requires the court to determine whether it is reasonable to require a defendant to defend a particular suit within that forum. *Riemer*, 348 Ill. App. 3d at 34. Where the

action has no relationship to the forum state, a "greater presence by the defendant is required before the fairness notions of due process are satisfied." *Palmer v. Kawaguchi Iron Works*, 644 F. Supp. 327, 332 (N.D. Ill. 1986).

Halliburton has no contacts with Illinois at all. Furthermore, this action has no relationship to the forum state, save for Plaintiff's residence. Plaintiff has not satisfied her burden of proof to justify forcing Halliburton to defend this suit in Illinois. Given the wholesale absence of ties between this lawsuit and Illinois, Halliburton should not be expected to defend a lawsuit here. Any exercise of jurisdiction over it in this case would violate due process.

## CONCLUSION

This Court does not have personal jurisdiction over Halliburton. Plaintiff cannot meet her burden under either the Illinois long-arm statute or the "doing business standard" for general personal jurisdiction. Furthermore, because Halliburton does not have even minimum contacts with Illinois, an exercise of jurisdiction would violate due process. For the foregoing reasons, Halliburton respectfully asks this Court to dismiss Halliburton, pursuant to Federal Rule of Civil Procedure 12(b)(2).

Respectfully submitted,

HALLIBURTON COMPANY

By: */s/Andrea L. Caron*
    Andrea L. Caron
    One of its Attorneys

Fred E. Schulz (#2516500)
Sarah L. Olson (#6193316)
Andrea L. Caron (#6289181)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive – Suite 2800
Chicago, Illinois 60606-1229
312/201-2000/312/201-2555 (facsimile)

## CERTIFICATE OF SERVICE

I, Andrea L. Caron, hereby certify that on November 14, 2007, a true and correct copy of the foregoing *Defendant Halliburton Company's Memorandum In Support Of Its Motion to Dismiss Halliburton Company*, was electronically filed with the Clerk of the Court for the Northern District of Illinois and served using the CM/ECF system and a true and correct copy was served on the parties listed below.

David L. Goldberg
RUBIN, MACHADO & ROSENBLUM, LTD.
120 W. Madison St, Suite 400
Chicago, Illinois 60602

　　　　　　　　　　　　　　　　　　　　*/s/ Andrea L. Caron*
　　　　　　　　　　　　　　　　　　　　Andrea L. Caron