**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EVA SARKEES, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No.  07 C 6370** |
| | ) | |
| -vs- | ) | **Judge Lefkow** |
| | ) | |
| KELLOGG BROWN & ROOT SERVICES, INC., | ) | **Magistrate Judge Denlow** |
| | ) | |
| Defendants. | ) | |

**ANSWER TO AMENDED COMPLAINT AT LAW**

Defendant, KELLOGG BROWN & ROOT SERVICES, INC. ("KBR") in Answer to the

Amended Complaint at Law, states as follows:

1.      At all times relevant herein, the Plaintiff, EVA SARKEES, was a citizen of the
United States with her primary residence located in the County of Cook and State of Illinois.

**ANSWER:**     Admitted.

2.      At all times relevant herein, the Defendant, KELLOGG BROWN & ROOT
SERVICES, INC. (hereinafter, "KBR"), was a wholly owned subsidiary of Haliburton Company.

**ANSWER:**     Admitted.

3.      At all times relevant herein, the Defendant, KBR, was a duly registered
corporation licensed to conduct business in the State of Illinois.

**ANSWER:**     Admitted.

4.      At all times relevant herein, KBR was engaged in business providing various
contract services for the United States government in Iraq.

**ANSWER:**     Admitted.

5.      On or about October 6, 2005, the Plaintiff, EVA SARKEES, was working as a
contractor on an American military base located in Northern Tikrit, Iraq.

**ANSWER:**     Denied, except it is admitted that she was employed by a contractor.

6.      At the aforesaid time and place, the Plaintiff was a pedestrian on the aforesaid
military base.

**ANSWER:**    Admitted.

7.    At the aforesaid time and place the Plaintiff, EVA SARKEES, was struck by a motor vehicle owned, leased and/or otherwise controlled by the Defendant, KBR.

**ANSWER:**    Denied, except KBR admits that Ms. Sarkees and a truck came in contact with each other.

8.    At the aforementioned time and place, an unidentified employee, agent, and/or apparent agent of KBR, was operating a motor vehicle at the aforesaid time and place.

**ANSWER:**    Denied, except KBR admits that Michael Feland was operating a truck on its behalf.

9.    At all times relevant herein, the motor vehicle operated by the unidentified driver, was owned, leased, or otherwise controlled by the Defendant, KBR.

**ANSWER:**    Denied, except KBR admits that the motor vehicle was being operated on its behalf.

10.    At all times relevant herein, the unidentified driver was performing his regular duties as an employee, agent, apparent agent, and/or servant of the Defendant, KBR.

**ANSWER:**    Denied, except KBR admits that the driver was acting on behalf of KBR.

11.    At the aforementioned time and place, the Defendant, KBR, by and through its employee, agent, apparent agent, and/or servant, owed a duty of ordinary care to the Plaintiff, EVA SARKEES, to operate its motor vehicle in a reasonably safe manner.

**ANSWER:**    This is a pleading of law to which no response is required.  If it is deemed to be a pleading of fact, then the fact is denied.

12.    At the aforementioned time and place, the Defendant, KBR, breached its duty to the Plaintiff by engaging in one or more of the following negligent acts or omissions:

        a.    Failed to keep a proper lookout;

        b.    Failed to yield to pedestrian;

        c.    Operated a motor vehicle at an unreasonably excessive rate of speed;

        d.    Failed to exercise due care to avoid colliding with the plaintiff;

     e.       Failed to take appropriate evasive action to avoid collision with the Plaintiff's.

     f.       Failed to apply brakes when it was necessary to do so; and/or

     g.       Was otherwise careless and/or negligent.

**ANSWER:**   Denied, including subparagraphs (a) – (f).  No response is made to

subparagraph (g) because it is the subject of a Motion to Strike pursuant to F.R.Civ.P. 12(b) (6).

13.    As a direct and proximate result of the above careless and/or negligent acts, the Plaintiff, EVA SARKEES, suffered severe injuries, both in mind and body.

**ANSWER:**   Denied.

14.    The negligent acts of the Defendant, KBR, through its unidentified employee, agent, and/or servant, were the proximate cause of the injuries to the Plaintiff, EVA SARKEES, as herein defined.

**ANSWER:**   Denied.

15.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, KBR, the Plaintiff, EVA SARKEES,, then and there sustained severe and permanent injuries, internally and externally, and was and will be hindered from attending to her usual affairs and duties, and has lost and will in the future lose the value of that time as aforementioned.  Plaintiff has also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer.  Further, Plaintiff has expended and become liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

**ANSWER:**   Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim is time barred by the statute of limitations for personal injury cases in that it was not brought within two (2) years of the time that the cause of action arose as is required by 735 ILCS 5/13-202.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's action is barred because plaintiff's contributory fault is more than 50% of the proximate cause of the accident.  735 ILCS 5/2-1116.

<u>THIRD AFFIRMATIVE DEFENSE</u>

In the alternative, if plaintiff's action is not barred by 735 ILCS 5/2-1116, then KBR is entitled to a reduction in damages in proportion to plaintiff's fault in the event that it is found to be liable, which liability has been denied.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

The injuries allegedly sustained by the plaintiff, if any, were proximately caused by plaintiff's free and voluntary acts of knowing and voluntarily placing herself in a position of danger and thus assuming the risks ordinarily incident to such acts. The risks incident to the plaintiff's actions were open, obvious, apparent, and actually known to her and the conditions described in the Complaint and the injury and damage, if any, sustained by the plaintiff were proximately caused by plaintiff's assumption of such risks and such conduct bars plaintiff's causes of action and any recovery by reason of plaintiff's Complaint.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

If the plaintiff suffered damages as a result of the allegations set forth in the Complaint, then those damages were not sustained by any conduct of this defendant, but rather were the result of the intervening or superseding acts or omission of others for which acts or omissions this defendant can in no way be held liable.

WHEREFORE, Kellogg Brown & Root Services, Inc. requests that judgment be entered in its favor and against the plaintiff, together with an award of its costs.

KELLOGG BROWN & ROOT SERVICES, INC

 s/ Fred E. Schulz
One of the Attorneys for Defendant,
KELLOGG BROWN & ROOT SERVICES, INC.

Fred E. Schulz  ARDC # 2516500
Sarah L. Olson  ARCC # 6193316
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, IL  60606-1229
(312) 201-2000
Facsimile:  (312) 201-2555
schulz@wildman.com
olson@wildman.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 25, 2008, I electronically filed the foregoing Answer to Amended Complaint at Law with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system which will send notification of such filing to the following:

David L. Goldberg
RUBIN, MACHADO & ROSENBLUM, LTD.
120 W. Madison St., Suite 400
Chicago, IL 60602
(312) 327-1840

and hereby certify that there were no non-registered participants requiring service by mail via the United States Postal Service.


 <u>s/ Fred E. Schulz</u>


[x]    Under penalties as provided by law pursuant to
       735 ILCS 5/1-109, I certify that the statements
       set forth herein are true and correct.

#1883721